IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACY TERRY, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-cv-727-RAH-JTA ) (WO) |
| JOSEPH AARON DESAUTELS, Doctor, BROOK SCHULTZ WATTS, Nurse Practitioner, and JESSICA HOPE ROLLINS, Nurse Practitioner, | ) ) ) ) ) |
|     Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court[1] is the motion for default judgment filed by *pro se* Plaintiff Stacy Terry. (Doc. No. 15.) In the motion, Terry seeks "default judgment against [Defendant] Jessica Hope Rollins." (*Id.* at 1.) For the reasons stated below, the motion is due to be denied.

As stated in the Recommendation entered separately on today,[2] the court lacks subject matter jurisdiction.[3] Under the circumstances, the court cannot grant a default

---

[1] Pursuant to 28 U.S.C. § 636, this action has been referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 3.)

[2] On today, the undersigned entered a Recommendation regarding Defendants' motions to dismiss. (Docs. No. 9, 23.) That Recommendation contains statements of the court's jurisdiction, the underlying facts as alleged by Terry, and the procedural history of this case. It also explains why the court lacks jurisdiction. Rather than cluttering this Recommendation with needless repetition of that information, the undersigned incorporates it by reference.

[3] Rollins contends she timely appeared and responded to the complaint. (Doc. No. 34.) Additionally, Terry failed to file a motion for entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. The undersigned need not address the merits of Rollins's

judgment on the merits. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("'[W]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *Barber v. Veterans Admin. Hosp.*, 1:12-cv-3462-WSD, 2013 WL 12062838, at *1 n.1 (N.D. Ga. Apr. 22, 2013) (declining to enter default judgment in the plaintiff's favor because the court lacked subject matter jurisdiction over the plaintiff's claims (citing *Jackson v. People's Republic of China*, 794 F.2d 1490, 1496 n.2 (11th Cir. 1986))).

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Terry's motion for default judgment (Doc. No. 15) be denied.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **August 8, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

---

argument or the procedural flaw in Terry's motion because default judgment is due to be denied on jurisdictional grounds.

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 24th day of July, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE